ERVIN, Judge.
Gulf Power seeks review of an order of the Industrial Relations Commission affirming an order of the appeals referee granting unemployment benefits to Tucker.
Tucker was hired by Gulf Power in July, 1975. At that time he was advised to cut his beard and maintain a neat appearance since this would assist him in his job application. Tucker did as the Gulf Power interviewer suggested, although there was at *849 that time no written appearance code in effect. Mr. Tucker was hired by Gulf Power on July 14,1974 and worked primarily as a member of a line crew, installing electrical power transmission lines. In May, 1976, he began to grow his beard again. On May 19, 1976, a letter was sent to all employees advising them that hair styles should look clean and neat and that beards and goatees were not permitted, but if a mustache was worn, it could not extend past the limits of the upper lip. Tucker did not shave his beard and on May 26,1976, he was called to meet with his supervisor and other superiors. They wished to know if he intended to comply with Gulf Power’s directive of May 19th and shave his beard. When Tucker replied he would like to think about it for a day, he was told that if he could not answer at that time he could consider himself terminated.
Section 443.06(1), Florida Statutes (1975), provides that an individual shall be disqualified for unemployment benefits if “he has voluntarily left his employment without good cause attributable to his employer.” The only issue which we have before us is whether an employee who elects to violate the company’s dress and appearance code shall be deemed to have “voluntarily left his employment without good cause attributable to his employer.” It is important to note that we are not presented with any evidence as to whether Mr. Tucker was discharged for misconduct connected with his work. If he was so discharged for such reason then clearly under the statute he would not be entitled to unemployment benefits. Nor are we presented with any issue that Mr. Tucker had a constitutional right to wear a beard. There is authority from other jurisdictions that an employer may as a condition to employment establish reasonable standards of appearance and dress of its employees. Willingham v. Macon Telegraph Publishing Co., 507 F.2d 1084 (5th Cir. 1975); Brown v. D.C. Transit System, Inc., 173 U.S.App.D.C. 130, 523 F.2d 725 (1975).
On the simple issue as to whether or not the employee voluntarily left his employment for not complying with the employer’s dress and appearance code, we find that there is competent and substantial evidence supporting both the appeals referee’s decision as well as the order of the Industrial Relations Commission. The employee clearly did not voluntarily leave his employment. When asked by his supervisor whether he wished to comply with Gulf Power’s directives, Tucker did not make an outright demurrer, he only asked to be given one day to think about it and then was told if he could not immediately reply, he should consider himself terminated. The petition for review is denied.
SMITH, J., concurs.
RAWLS, Acting C. J., dissents.